IN THE COURT OF CRIMINAL APPEALS


OF TEXAS






NO. PD-513-09





 

ROSS A. RODRIGUEZ, ATTORNEY AT LAW, SURETY, Appellant



v.



THE STATE OF TEXAS





ON APPELLANT'S PETITION FOR DISCRETIONARY REVIEW


FROM THE FOURTH COURT OF APPEALS


BEXAR COUNTY





 Hervey, J., delivered the opinion for a unanimous Court.


 

O P I N I O N 


 Appellant executed a $100,000 bail bond (having been reduced from $1,000,000) for a client
who had been charged with possession of more than 400 grams of a Penalty Group 1 controlled
substance (cocaine). (1) The punishment range for this possession offense is 10 to 99 years, or life, in
prison and a fine not to exceed $100,000. See Section 481.115(f), Tex. Health & Safety Code. 
The client was later indicted in a two-count indictment for possession and also for possession with
intent to deliver more than 400 grams of the same Penalty Group 1 controlled substance. The
punishment range for the possession-with-intent-to deliver offense is 15 to 99 years, or life, in prison
and a fine not to exceed $250,000. See Section 481.115(f), Tex. Health & Safety Code. The
client failed to appear for trial on this indictment and appellant and the client, jointly and severally,
were ordered to pay the full amount of the $100,000 bond. The court of appeals rejected appellant's
claim that he was not liable on the bond because "the State, by increasing the charges [to include a
possession-with-intent-to-deliver count], unilaterally and without his consent increased his risk" that
the client would not appear for trial. See Rodriguez v. State, 283 S.W.3d 465, 470-71 (Tex.App.-San
Antonio 2009). The ground upon which we granted discretionary review states:

 Whether a bail bond surety is liable after executing a bail bond when the State of
Texas subsequently changes and adds more serious charges to the charge for which
the surety executed the bail bond.

 

 Having examined the record and briefs and considered the arguments in this case, we
conclude that our decision to grant review was improvident. We therefore dismiss the appellant's
petition for discretionary review as improvidently granted.

 

 Hervey, J.


Delivered: November 4, 2009

Publish
1. The client and a co-defendant were arrested with about 42 pounds of cocaine in their
possession. The co-defendant was charged with possession and also with possession with intent to
deliver a Penalty Group 1 controlled substance. The total amount of the co-defendant's bond on
these charges was $100,000 (having been reduced from $1,000,000). The co-defendant made this
bond through a bail-bond company. The client and the co-defendant failed to appear for their trials.